UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **BRYAN COLT TODD** | **CIVIL ACTION NO. 19-1184** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **CANDICE YOUNG, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Bryan Colt Todd, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on September 9, 2019, under 42 U.S.C. § 1983. He names the following defendants: Deputy Candice Young, Deputy Marshall, Director of Medical Shelia Wright, and Commander Robert Wyche.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he is a "'sexual preference,' 'protective custody,' . . . 'high risk status'" prisoner and that, on June 25, 2019, he was left alone with another prisoner, Chris Coleman, "in a high risk area hallway[.]" [doc. # 1, p. 3]. Coleman "sexually coerced/assaulted" Plaintiff and forced Plaintiff to perform oral sex. *Id.*

Plaintiff claims that Deputies Young and Marshall, who were ten feet away in a "deputy booth" or "deputy station" and could observe the hallway via a large video monitor, failed to "observe and protect" him and were "negligent in their duty . . . ." *Id.* at 3-4. According to Plaintiff, Coleman was "a different classification status and should never [have] been left alone

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

with" Plaintiff, a "high risk status inmate . . . ." *Id.* at 4. Young and Marshall allegedly "had a duty to observe [Plaintiff] at all times, especially with video surveillance inside [the] deputy booth, and a duty to keep [Plaintiff] safe[,] protect him[,] and keep him away from other inmates." [doc. # 9, p. 2].

On June 28, 2019, Plaintiff filed a grievance and a Prison Rape Elimination Act ("PREA") Report "for sexual assault." [doc. # 1-2, p. 5]. Plaintiff writes that, on July 1, 2019, "PREA investigation occurred and Plaintiff was not believed despite report(s), PREA report denied. [sic]." *Id*

On approximately July 17, 2019, Plaintiff requested testing to ascertain if he contracted human immunodeficiency virus ("HIV") or any other sexually-transmitted disease ("STD"). [doc. #s 1-2, p. 5; 9, p. 4]. Defendant Wright met Plaintiff the next day. Plaintiff informed Wright that he was "assaulted by inmate Coleman," that "sexual activity did in fact take place," and that he wanted "testing." [doc. # 9, p. 7]. Wright responded that, because other officials found that the encounter with Coleman was consensual, "the policy did not allow for" random or arbitrary STD testing. [doc. #s 1, p. 5; 1-2, p. 4; 9, p. 7]. Plaintiff claims that the "sexual incident" was not random, that there was a "precise reason for the request of testing[,]" and that Wright, consequently, should have tested him. [doc. # 9, p. 8].

Plaintiff maintains that STD testing is a universal human right. [doc. # 1, p. 5]. He has not received any testing for an STD despite multiple requests. [doc. # 1-2, p. 4]. He claims that Wright should "have ascertained . . . whether [the encounter] amounted to a sexual assault or a consensual sex act" instead of relying on an administrative investigation. [doc. # 9, pp. 5-6].

Plaintiff's ensuing grievances concerning negligence and failure to provide medical care were denied. *Id.* at 5-6. He claims that Defendant Wyche "concurred with both rejected"

2

grievances and refused to "allow STD testing . . . ." [doc. # 1, p. 5].

Plaintiff seeks $100,000.00 in compensation from Young and Marshall "for negligence" in failing to prevent the sexual assault, $20,000.00 in punitive damages from Young and Marshall, $50,000.00 in compensation from Defendants Wright and Wyche for "failure to provide adequate medical care," $20,000.00 in punitive damages from Wright and Wyche, an injunction ordering Wright and Wyche to immediately arrange testing for "HIV, Hep. C, and Herpes Simplex 1," and any treatment that a medical practitioner may recommend. [doc. #s 1-2, p. 6; 9, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of

4

the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Protect**

Plaintiff claims that Young and Marshall, who were ten feet away in a "deputy booth" or "deputy station" and could observe the hallway via a large video monitor, failed to "observe and protect" him and were, therefore, "negligent in their duty . . . ." Young and Marshall allegedly "had a duty to observe [Plaintiff] at all times, especially with video surveillance inside [the] deputy booth, and a duty to keep [Plaintiff] safe[,] protect him[,] and keep him away from other inmates." [doc. # 9, p. 2].

To state a failure-to-protect claim, Plaintiff must allege that the deputies' inaction amounted to deliberate indifference. That is, he must allege that Young and Marshall "knew of

5

and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

Here, Plaintiff does not plausibly allege that Young or Marshall knew of, and disregarded, a substantial risk of serious harm. He alleges that Young or Marshall should have known that Coleman posed a risk to Plaintiff and that they breached their "duty" to monitor and protect him. These allegations, however, sound in negligence: "The failure of employees to notice and stop [an] assault constitutes negligence, not deliberate indifference." *Brumfield v. Natchitoches Par. Det. Ctr.,* 689 F. App'x 309, 310 (5th Cir. 2017).

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, n.8 (5th Cir. 2002) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); see *Mosley v. Anderson*, 425 F. App'x 343, 344 (5th Cir. 2011) ("To the extent that prison officials were negligent for not preventing the assault, Mosley is not entitled to relief on this basis.").

Defendants' actions, under Plaintiff's allegations, amount to no more than possible negligent conduct. To the extent Plaintiff seeks to pursue negligence claims, he should do so in state court. The Court should dismiss these claims.

**3. Medical Care**

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A

6

prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff faults Defendant Wright for relying on another person's opinion that the sexual encounter was consensual and for failing to test Plaintiff for an STD. He also faults Defendant Wyche, claiming that Wyche "concurred with both rejected" grievances and refused

to "allow STD testing . . . ."  [doc. # 1, p. 5].

Plaintiff, however, does not allege that he has or had a serious medical need or that he was or is exposed to a substantial risk of serious harm.  Rather, he seeks immediate diagnostic measures to ascertain *whether* he has a serious medical need and *whether* he is exposed to a substantial risk of serious harm.  Otherwise stated, because he seeks to determine *if* he already contracted an STD which may cause—or render him susceptible to—harm later, he necessarily fails to establish that he *has* a serious medical need and *is* exposed to a substantial risk of serious harm.

To be clear, the United States Supreme Court has opined, "Nor can we hold that prison officials may be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms."  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  "It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."  *Id.*  There, the plaintiff was, in fact, exposed to environmental tobacco smoke which posed an unreasonable risk of serious damage to his future health.  *Id.* at 35.

Here, however, Plaintiff does not allege that he was, in fact, exposed to an STD.  He does not allege that Inmate Coleman had an STD, that others told him Coleman had an STD, that Coleman told him he had an STD, or that Coleman must have an STD because Plaintiff suffers from symptoms indicating that he contracted an STD from Coleman.  Instead, he desires testing to determine *if* he was exposed to an STD.  In this respect, Plaintiff essentially maintains that there is a speculative chance—as opposed to a substantial risk—that he was exposed to, and contracted, an STD.  While the undersigned is sympathetic to Plaintiff's concern, Plaintiff's allegations do not amount to a constitutional violation.  The Court should dismiss these claims.

**4. Responding to Grievances**

Plaintiff alleges that he filed two grievances and that both were rejected; he faults Defendant Wyche for concurring "with both rejected" grievances. [doc. #s 1, p. 5; 1-2, p. 4].

A plaintiff, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); see *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) (holding that "claims that the defendants violated . . . constitutional rights by failing to investigate . . . grievances fall short of establishing a federal constitutional claim."). In *Sandin v. Conner*, 515 U.S. 472, 474 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. See also *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss this claim.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bryan Colt Todd's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for appointed counsel, [doc. # 3], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of November, 2019.

Karen L. Hayes
United States Magistrate Judge